# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ADDISALEM H.M.,[1]
(A Number: 249-139-326)

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No. 1:26-cv-06457-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S PETITION BE GRANTED AND PETIONER BE PROVIDED A PROMPT BOND HEARING**

(Doc. 1)

FIVE-DAY DEADLINE

Addisalem H.M. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On August 17, 2026, the undersigned issued an order requiring Respondents to show cause why the writ should not be granted. (Doc. 5). On August 18, 2026, Respondents filed a response to the order to show cause. (Doc. 8).

In their response to the petition and order to show cause, Respondents argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1) and that Petitioner is therefore not entitled to a bond hearing. The undersigned disagrees. Even assuming Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(1), the undersigned finds that he is entitled to a bond hearing under the Due Process Clause.

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the undersigned omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

The undersigned makes the following factual findings: Petitioner entered without authorization and was detained upon entry on November 30, 2024. (Doc. 1 ¶ 3). Petitioner was initially processed for expedited removal but was transferred to INA § 240 proceedings after a positive credible fear determination from an Asylum Officer. (Doc. 1-2 at 5–7). On December 12, 2024, Petitioner was issued a Notice to Appear. (*Id.*). On June 28, 2025, Petitioner filed his Form 1-589, Application for Asylum and Withholding of Removal. (*Id.* at 46–77). On November 12, 2025, an Immigration Judge ("IJ") issued a decision denying Petitioner's application for relief and ordering Petitioner's removal. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation/ (last visited August 19, 2026). On December 5, 2025, Petitioner timely filed an appeal with the Board of Immigration Appeals ("BIA") where the case remains pending. *Id.*

Turning to the due process analysis undersigned incorporates and adopts the reasoning set forth in *Doe v. Andrews*, No. 1:25-CV-00333-JLT-HBK (HC), 2026 WL 797694 (E.D. Cal. Mar. 23, 2026), where the court explained "that relevant caselaw under the various INA detention provisions—and under § 1225(b)(1) specifically—do not bar Petitioner's due process claim." *Id.* at *5. In evaluating this due process claim, the assigned district judge has adopted the factors identified in *Lopez v. Garland*, 631 F. Supp. 3d 870 (2022), to assess whether detention under § 1225(b)(1) has become unreasonably prolonged to violate due process rights.[2] *Doe*, 2026 WL 797694, at *9–12, n.7 ("though *Lopez* concerned a due process challenge to mandatory detention under of § 1226(c), the factors enumerated there are, in essence, a truncated version of the factors enumerated in *Banda*, which concerned mandatory detention under of § 1225(b)(1)"); *see also Mirzada v. Warden*, 2026 WL 2030165, at *1 (E.D. Cal. July 14, 2026). Under *Lopez*, the Court considers: "the total length of detention to date, the likely duration of future detention, and the delays in removal proceedings caused by petitioner and the government." *Lopez*, 631 F. Supp. 3d at 879.

[2] District courts have applied different formulations to this issue, including, but not limited to, the *Banda* factors and the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See*, *e.g.*, *Banda v. MacAleenan*, 385 F. Supp. 3d 1099, 1117–19 (W.D. Wash. 2019); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772–73 (S.D. Cal. 2020). Given the assigned district judge's prior use of *Lopez* in § 1225(b)(1) cases, the undersigned applies that framework here.

The undersigned finds that all of the *Lopez* factors either weigh in favor of granting Petitioner a bond hearing or are neutral.

First, the length of detention, which is often considered the "most important factor," *see, e.g.*, *Banda v. MacAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019), weighs in Petitioner's favor because he has now been detained for over twenty months without a bond hearing. (Doc. 1, ¶ 3). Courts have found that detention for fifteen, seventeen, twenty-four, and twenty-five months under section 1225(b)(1) without a bond hearing, pending a final determination on an asylum application was unreasonably prolonged. *See Saribekyan v. Chestnut*, No. 1:26-CV-01696-DJC-DMC, 2026 WL 776031, at *2 (E.D. Cal. Mar. 19, 2026); *Banda*, 385 F. Supp. 3d at 1118; *Akmal v. Warden of California City Det.*, No. 1:25-CV-01921-DC-DMC-HC, 2026 WL 657606, at *6 (E.D. Cal. Mar. 9, 2026), *report and recommendation adopted*, No. 1:25-CV-01921-DC-DMC (HC), 2026 WL 825750 (E.D. Cal. Mar. 25, 2026), *6; *Lebedev v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-01391-KES-SAB-HC, 2026 WL 482733, at *5 (E.D. Cal. Feb. 20, 2026), *report and recommendation adopted*, No. 1:25-CV-01391-KES-SAB (HC), 2026 WL 661183 (E.D. Cal. Mar. 8, 2026). The length of Petitioner's detention strongly favors granting him a bond hearing.

Second, the likely duration of future detention also weighs in Petitioner's favor. "The Court considers how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings—including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119 (citations and quotations omitted). "When the [noncitizen's] removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." *Lebedev*, 2026 WL 482733, at *6 (citations omitted). Petitioner initially received a positive credible fear determination and applied for asylum, however on November 12, 2025 an IJ ordered the Petitioner removed. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation/ (last visited August 19, 2026). On December 5, 2025, Petitioner appealed the IJ's order of removal to the BIA, and on July 16, 2026, Petitioner filed his appellate brief to the BIA. *Id.* As of the date of this order, that appeal is still pending. *Id.*

Although future events are difficult to predict, the Court finds that the pending appeal before the BIA and possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner. *See Lebedev*, 2026 WL 482733, at *6 (weighing in favor of petitioner on this factor because his asylum application was pending review by the BIA); *Akmal*, 2026 WL 657606, at *7 (weighing in favor of petitioner on this factor because his asylum application was pending review by the Ninth Circuit); *Banda*, 385 F. Supp. 3d at 1119 (weighing in favor of petitioner on this factor because his asylum application was pending review by the BIA and noting that this process may take up to two years or longer); *Padilla*, 704 F. Supp. 3d at 1173 (explaining that petitioners with bona fide asylum claims "face a median time of five to six months for adjudication of their claim by an [IJ], nearly a year for cases appealed to the BIA, and still longer for judicial review").

Third, the undersigned finds that any delays in removal proceedings caused by Petitioner and Respondents do not weigh significantly in any one direction. The record shows Petitioner timely filed his appeal to the BIA following the IJ decision. *See* https://acis.eoir.justice.gov/en/caseInformation (case status determined with Petitioner's A-File Number) (last visited August 11, 2026). Neither party identifies dilatory tactics, bad faith, or other delays attributable to Petitioner or Respondents. This factor is neutral. *See Doe*, 2026 WL 797694, at *11–12.

Although section 1225(b)(1)(B)(ii) mandates detention during further consideration of an asylum application, *Jennings* leaves open an as-applied due-process challenge to prolonged detention. Applying the framework adopted by the assigned district judge, the undersigned concludes that Petitioner's twenty-one-month detention without an individualized bond hearing has become unreasonably prolonged. The Court therefore concludes that his continued detention violates the Fifth Amendment's Due Process Clause.

**RECOMMENDATION**

Accordingly, the undersigned recommends granting the pending petition, (Doc. 1), and ordering Respondents to provide Petitioner an individualized bond hearing before an Immigration Judge within seven (7) days. At that hearing, the Government shall bear the burden of proving by

clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.

Notice of Expedited Objections: Given the recommendation to grant the petition in part, a party may file written objections with the Court within five (5) days of service of these Findings and Recommendations. 28 U.S.C. § 636(b)(l); Local Rule 304(b) (permitting court to set a different time). These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within five (5) days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **August 19, 2026**

Erin Sury Castillo
UNITED STATES MAGISTRATE JUDGE